# United States District Court
# Central District of California

| | |
|---|---|
| ARLENE ROSENBLATT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SANTA MONICA and THE CITY COUNCIL OF SANTA MONICA,<br><br>　　　　　　Defendants. | Case No. 2:16-CV-04481-ODW-AGR<br><br>**ORDER GRANTING MOTION TO DISMISS [68]** |

## I.　　INTRODUCTION

This litigation has been a long exercise in whittling down Plaintiff's claims, and now, Defendants make their case for dismissing Plaintiff's remaining cause of action. (ECF No. 68.)  Plaintiffs have opposed Defendants' Motion to Dismiss (ECF Nos. 69), and Defendants filed a Reply (ECF No. 71).  For the reasons discussed below, the Court **GRANTS** Defendants' Motion and dismisses what remains of Plaintiff's case.[1]

## II.　　FACTUAL AND PROCEDURAL BACKGROUND

This case is about the legality of the City of Santa Monica's adoption of a 2015 ordinance banning certain types of vacation rentals within the city.  Santa Monica is a popular tourist destination, and Plaintiff wishes to rent out her home as a vacation rental to generate income.  (*See* First Am. Compl. ("FAC") ¶¶ 55–56.)  Since

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

Defendants passed the Ordinance, she has not been able to do so. (*Id.* ¶ 56.) Plaintiff also purports to represent a class of all residential property owners in the City of Santa Monica, as they are likewise kept from renting their homes on sites like Airbnb, VRBO, and HomeAway. (*See id.* ¶ 57.) The ordinance at issue bans "vacation rentals" of residential property (leasing an entire property on a short-term basis) but allows "home sharing" (renting a private room within a host's home, with the host present in other portions of the home during the stay). (*Id.* ¶¶ 15(a)–(b).)

Plaintiff filed her putative class action Complaint on June 21, 2016, and Defendants first moved to dismiss on September 18, 2016. (ECF Nos. 1, 26.) The Court granted Defendants' first motion in its entirety. (ECF No. 51.) The Court granted leave to amend, and Plaintiff filed a First Amended Complaint alleging four causes of action: violation of the Dormant Commerce Clause of the United States Constitution; declaratory relief; deprivation of constitutional rights under 42 U.S.C. § 1983; and violation of the California Coastal Act. (*See generally* FAC, ECF No. 52.) The California Coastal Act claim was the only new cause of action as compared with the original complaint. (*See* Compl., ECF No. 3; FAC.)

Following Plaintiff's filing of her FAC, Defendants again moved to dismiss. (ECF No. 56.) On March 30, 2017, the Court granted in part and denied in part Defendants' motion: it dismissed the constitutional causes of action but not the claim for violation of the California Coastal Act. (ECF No. 67.) The Court found in its Order that Plaintiff had adequately pleaded two separate bases for violations of the Act. (Order 9–10.)

On the basis that Plaintiff's complaint now contains only state law claims that should not properly remain in federal court, Defendants request that the Court dismiss the remaining cause of action.

## II. LEGAL STANDARD

When a complaint in federal court includes both federal claims and state law claims, and the federal claims are dismissed before trial, the district court has

discretion regarding whether to exercise supplemental jurisdiction over state law claims or dismiss them in favor of state court. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009). However, where other factors do not support the state law claims remaining in federal court, the general preference is for the district court to dismiss those claims. *Schneider v. TRW, Inc.*, 938 F.2d 986, 993 (9th Cir. 1991); *Wren v. Sletten Const. Co.*, 654 F.2d 529, 536 (9th Cir. 1981).

### III. DISCUSSION

Plaintiff raises several points in opposing dismissal. First, Plaintiff argues that Defendants' motion is an improper successive motion to dismiss, given that the Court already ruled on a motion to dismiss the same operative complaint. (Opp'n 4.) However, the Court agrees with Defendants that although Plaintiff has not filed a second amended complaint, her complaint is constructively different from the one the Court addressed in its last Order. (*See* Reply 2.) This is because new jurisdictional issues arose when the Court dismissed all of Plaintiff's federal claims. Moreover, Plaintiff fails to cite a rule stating that a Defendant cannot bring more than one motion to dismiss on the same complaint. Plaintiffs cite Rule 12(g)(2), which actually states that "a party must not make [a second] motion . . . raising a defense or objection that *was available* to the party but omitted from its earlier motion" (emphasis added). When Defendants submitted their first motion to dismiss this version of the complaint, the Court had not yet dismissed the federal claims, and so arguments based on that dismissal were not available at that time.

Second, Plaintiff cites several cases illustrating examples of district courts retaining state law claims, including Coastal Act claims, after dismissing federal causes of action. (Opp'n 4–5); *see, e.g.*, *Headlands Reserve, LLC v. Ctr. for Nat. Lands Mgmt.*, 523 F. Supp. 2d 1113, 1120 (C.D. Cal. 2007); *Spencer v. Lunada Bay Boys*, No. CV 16–02129 SJO (RAOx), 2016 WL 6818757, at *6 (C.D. Cal. July 22, 2016). Plaintiff urges the Court to find similarly to the above-cited cases and keep

this case in federal court.  While the Court agrees that it has the *discretion* to keep Plaintiff's state law claims in federal court, it is simply not prudent to do so. Defendants have not yet filed an Answer and discovery has not commenced.  As such, other than the case having been originally filed here, there do not appear to be any factors supporting its retention in federal court given that only state law claims remain.  Plaintiff selects district court cases, some of which are unpublished, as examples of courts exercising their discretion to keep purely state law cases, but she cannot overcome the Supreme Court's overall rule that "if [] federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Last, Plaintiff argues that she could seek leave to amend in order to add new federal claims to her complaint.  (Opp'n 5.)  True, but she has not done so in the nearly two months since all of her federal claims were dismissed.  The Court can only rule on the complaint as it exists now, not as it could hypothetically exist in the future.

As a final matter, because the Court decides to dismiss the California Coastal Act claim, it declines to reconsider its earlier decision on whether Plaintiff adequately pleaded that claim.  (*See* Mot. 1–2 (asking the Court alternatively to reconsider its decision as to the Coastal Act).)

## VI. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss.  (ECF No. 68.)  Because each of Plaintiff's causes of action have now been eliminated, the Clerk of Court shall close the case.

**IT IS SO ORDERED.**

May 24, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**